IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| NOE K. RAQUINIO,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF HAWAI‘I,<br><br>Defendant. | Case No. 23-cv-00171-DKW-KJM<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DIRECTING SERVICE OF THE COMPLAINT[1]** |

On April 11, 2023, Plaintiff Noe K. Raquinio, proceeding *pro se*, filed a Complaint against the County of Hawai‘i, requesting damages for physical injuries he sustained when County officials used excessive force against him on September 26, 2020.  Dkt. No. 1.  Raquinio also filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 3.

## DISCUSSION

I.    **IFP Application**

Federal courts may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that demonstrates his inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  The litigant must

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

"allege poverty with some particularity, definiteness, and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted), but he is not required to demonstrate absolute destitution. *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, Raquinio has made the required showing under Section 1915(a). In his IFP Application, Raquinio alleges he receives $420 in public assistance income per month, has $12 in a checking account, and owns no assets of value. Dkt. No. 3 at 2–4. He further states that he spends $420 monthly on food and owes $195,281.10 in medical bills. *Id.*

The Court finds that these financial circumstances sufficiently demonstrate that Raquinio does not have the means to pay the $402 filing fee for this action while still being able to afford the necessities of life. *See Escobedo*, 787 F.3d at 1234–36. In addition, Raquinio has insufficient assets to provide security. Thus, the Court GRANTS the IFP Application, Dkt. No. 4.

## II.   Service

Because Raquinio has been granted leave to proceed *in forma pauperis*, and because his claims have not been dismissed,[2] the Court finds that service of

---

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In conducting this screen, the Court liberally construes a *pro se* litigant's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). At this initial stage of proceedings, and without

summons and the Complaint is appropriate.  To facilitate service, the Court

ORDERS as follows:

1. The Clerk's Office is directed to send to Plaintiff: one copy of the

   Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of

   Lawsuit and Request for Waiver of Service of Summons form (AO 398);

   two Waiver of Service of Summons forms (AO 399); an instruction

   sheet; and a copy of this Order.  The Clerk shall also send a copy of this

   Order to the U.S. Marshal.

2. Plaintiff shall complete the forms as directed and submit the following

   documents to the U.S. Marshal in Honolulu, Hawaiʻi: a completed USM-

   285 form; a copy of the Complaint; the summons; a completed Notice of

   Lawsuit and Request for Waiver of Service of Summons form (AO 398);

   and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall

   mail to the Defendant: a copy of the Complaint; a completed Notice of

   Lawsuit and Request for Waiver of Service form (AO 398); and two (2)

   completed Waiver of Service of Summons forms (AO 399), as directed

   by Plaintiff without payment of costs.  *See* Fed. R. Civ. P. 4(c)(3).

---

any responsive pleading from Defendant, the Court has screened the Complaint and finds service
of the same to be appropriate.

4. The U.S. Marshal shall retain the summons and a copy of the Complaint. The U.S. Marshal shall file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If the Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Raquinio does not wish to use the U.S. Marshal for service, as outlined above, he may serve the Defendant on his own, in compliance with Federal Rule of Civil Procedure 4.

7. Raquinio is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and the Complaint, whether accomplished on his own or with the service of the U.S. Marshal, Raquinio must serve on Defendant or its attorney a copy of all further documents he submits to the Court.  The U.S. Marshal is *not* responsible for serving such further documents on Plaintiff's behalf.  Raquinio shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendant or their counsel, and the manner in which service was accomplished.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9.   Raquinio is further notified that he must comply with the Federal Rules

of Civil Procedure and the Local Rules for the District of Hawai'i.

IT IS SO ORDERED.

DATED: April 20, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Noe K. Raquinio v. County of Hawaii*; Civil No. 23-00171 DKW-KJM; **ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DIRECTING SERVICE OF THE COMPLAINT**